IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| ROBERT CARSWELL, | : |
| | : |
| Petitioner | : |
| | : |
| VS. | : |
| | : CIVIL ACTION NO.: 5:09-CV-287 (CAR) |
| TERRY O'BRIEN, | : |
| U.S.P. LEE, | : |
| | : |
| Respondent | : |

## **ORDER**

Petitioner **ROBERT CARSWELL**, an inmate at the U.S. Penitentiary-Lee in Jonesville, Virginia, filed a *pro se* Petition for Writ of Habeas Corpus by a Person in Federal Custody under 28 U.S.C. § 2241in the United States District Court, Western District of Virginia. In this petition, he challenged his 1990 state court convictions entered in the Superior Court of Bibb County, Georgia. Therefore, the United States District Court, Western District of Virginia construed the action as a habeas corpus brought pursuant to 28 U.S.C. § 2254 and transferred the same to this Court.

Petitioner has sought leave to proceed without prepayment of the filing fee or security therefor pursuant to 28 U.S.C. § 1915(a). For purposes of this dismissal, petitioner's application to proceed *in forma pauperis* is hereby **GRANTED**.

This matter is before the Court pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Court. Rule 4 provides as follows:

> The original [habeas corpus] petition shall be presented promptly to a judge of the district court in accordance with the procedure of the court for the assignment of its business. The petition shall be examined promptly by the judge to whom it is assigned. If it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified.

It "plainly appears from the face of the petition" that this action must be dismissed. Petitioner challenges his 1990 state court convictions for possession of cocaine and giving a false name. Prior to filing this action, petitioner filed at least two previous habeas corpus petitions challenging these same Bibb County convictions. *Carswell v. Dodrill*, 5:02-CV-381 (WDO) and *Carswell v. Outlaw*, 5:05-CV-338 (WDO). On August 12, 2003, this Court denied petitioner's habeas corpus petition as time barred under 28 U.S.C. § 2244 (d). *See Carswell v. Dodrill*, 5:02-CV-381 (WDO). Upon appeal, the Eleventh Circuit Court of Appeals affirmed, stating that petitioner's "petition is plainly barred by § 2254's one-year statue of limitations." *Carswell v. Dodrill*, No. 03-14501-B (11th Cir. January 7, 2004).

In response to his second habeas petition attacking his 1990 state court convictions, the Court explained the "petition, received by this Court on September 9, 2005 is still plainly time-barred." *Carswell v. Outlaw*, 5:05-CV-338 (WDO).

If an action challenging the 1990 Bibb County convictions was time-barred in 2003, 2004, and 2005, it is certainly time-barred in 2009. Accordingly, it is hereby **ORDERED** that the instant petition for writ of habeas corpus be **DENIED** and that the instant action be **DISMISSED**.[1]

**SO ORDERED**, this 11th day of September, 2009.

S/ C. Ashley Royal
C. ASHLEY ROYAL
UNITED STATES DISTRICT COURT

lnb

---

[1] Petitioner's request for counsel (R. at 6) is **DENIED AS MOOT**.